UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GABRIELE OTT,

        Plaintiff,

    v.

AVIS RENT A CAR SYSTEM, LLC,

        Defendant.

CASE NO. C12-5762 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Gabriele Ott's ("Ott") motion to remand (Dkt. 5). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 14, 2012, Ott filed a complaint in King County Superior Court for the State of Washington alleging personal injury as the result of Defendant Avis Rent A Car System, LLC's ("Avis") negligence. Dkt. 1. On August 23, 2012, Avis removed the matter to this Court. *Id*.

On September 20, 2012, Ott filed a motion to remand. Dkt. 5. On September 28, 2012, Avis responded. Dkt. 7. On October 12, 2012, Ott replied. Dkt. 8.

## II. DISCUSSION

The "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 695 (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.") and *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir.1999) (holding that defendant "could only guess" if the initial pleading that claimed damages "in excess of $10,000" stated a case that was removable and refusing to start the thirty-day clock at receipt of the initial pleading)). Where a plaintiff has not instituted suit in federal court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938).

In this case, the question before the Court is whether Ott's complaint affirmatively revealed the jurisdictional amount in controversy. There is a strong presumption that Ott did not claim an amount in excess of the jurisdictional limit of $75,000 because she instituted suit in state court. To rebut this presumption, Ott argues that a "reasonable assessment" of her alleged injuries shows that her damages are in excess of $75,000. Although Ott cites case law from numerous jurisdictions, she fails to cite any binding

1 precedent that the standard "revealed affirmatively" should be interpreted as "reasonable
2 assessment." Based on the correct standard, the Court finds that Ott's complaint does not
3 affirmatively reveal that her damages were in excess of $75,000. Therefore, the Court
4 denies her motion to remand.

### III. ORDER

6 Therefore, it is hereby **ORDERED** that Ott's motion to remand (Dkt. 5) is
7 **DENIED**.

8 Dated this 29th day of October, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge