UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELE OTT,<br><br>                Plaintiff,<br><br>  v.<br><br>AVIS RENT A CAR SYSTEM, LLC, a Delaware Corporation,<br><br>                Defendant. | CASE NO. C12-5762 BHS<br><br>ORDER GRANTING MOTION TO CHANGE VENUE |

      This matter comes before the Court on Defendant Avis Rent A Car System, LLC's ("Avis") motion to change venue (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On May 14, 2012, Plaintiff Gabriele Ott ("Ott") filed a complaint in King County Superior Court for the State of Washington alleging personal injury as the result of Avis's

negligence. Dkt. 1, Exh. 1 ("Complaint"). On August 23, 2012, Avis removed the matter to this Court. *Id*.

On November 16, 2012, Avis filed a motion to change venue. Dkt. 15. On December 10, 2012, Ott responded. Dkt. 17. On December 14, 2012, Avis replied. Dkt. 18.

## II. FACTUAL BACKGROUND

Ott alleges that on November 11, 2011, she returned a rental car "to the AVIS car return lot at the Raleigh-Dunham International Airport." Complaint, ¶ 3.2. She alleges that as she was walking away from the car, an Avis employee "drove the rental car forward into and over her body, causing severe bodily injury and trapping her under the car." *Id*. ¶ 3.3.

## III. DISCUSSION

Avis has moved to transfer this action to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In passing § 1404(a),

Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendant seeks to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). It's undisputed that Ott could have brought this case in North Carolina because that is where the alleged injuries occurred. Therefore, the only issue is the second requirement.

A court should consider the following factors when evaluating the convenience of the parties and witnesses and the interests of justice: (1) the location where the alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A defendant bears the burden "to show that the convenience of the parties and witnesses and the interest of justice require transfer to another district." *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1082 (N.D. Cal. 2008) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

In this case, Ott argues that "the most important factors are Ott's choice of forum, Washington, and the fact that both Ott and almost all of her treating providers are in Washington." Dkt. 17 at 3.  With regard to Ott's choice of forum, the Court must give some deference to Ott's choice of Washington.  *See Decker*, 805 F.2d at 843.  However, a plaintiff's choice of forum is only entitled to minimal consideration when "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Avis has shown that the alleged injuries occurred in North Carolina and that Washington does not have any particular interest in the subject matter of the case.  Thus, this factor weighs in favor of Ott but the Court only gives it minimal consideration.

With regard to the treating physicians, Ott argues that damages, not liability, is the main issue.  Based on the Court's experience, it is more likely that the live witnesses at trial will be the eyewitness and the immediate treating personnel.  On the other hand, medical experts' and treating physicians' testimony is commonly presented to the jury via video depositions regardless of the distance between the courthouse and expert or physician.  Therefore, this factor weights in favor of Avis.

Furthermore, the negligence law of North Carolina is fundamentally different than that of Washington.  Although federal courts "are equally equipped to apply distant state laws," *Horizon House v. Cain Bros. & Co., LLC*, No. C11–1762JLR, 2012 WL 398638, at *2 (W.D. Wash. Feb.7, 2012), the North Carolina federal court handles more diversity cases based on that state's laws, and jurors in that state are more accustomed to the

stricter views of negligence actions and defenses.  Therefore, this factor weighs in favor of transfer.

Finally, the remaining factors are either neutral or weigh in favor of North Carolina.  Therefore, Avis has met is burden and the Court grants its motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Avis's motion to change venue (Dkt. 15) is **GRANTED**.  The Clerk is directed to transfer this case to the Eastern District of North Carolina.

Dated this 19th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge